Raymond E. Stauffer
9 Sentinel Court, Unit F
Chatham, New Jersey 07928
(973) 701-0877

*Plaintiff, and Attorney for Named Plaintiff,*
*proposed FLSA Collective Plaintiffs,*
*and proposed Class Members*

RECEIVED
SDNY PRO SE OFFICE
2015 OCT 19  PM 4: 22

# 15CV 8238

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND E. STAUFFER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRAIS & ELLSWORTH LLP and UPDATE, INC.<br><br>Defendants. | Docket No.<br><br>**COMPLAINT FOR**<br><br>**FLSA COLLECTIVE ACTION AND**<br><br>**RULE 23 CLASS ACTION; AND**<br><br>**JURY DEMAND** |

USM 5W
SDNY

Plaintiff RAYMOND E. STAUFFER (hereinafter referred to as "STAUFFER"), on behalf of himself and all others similarly situated, alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction of this action under each of 28 U.S.C.

1

§§1331, 1337(a), 1355(a), and 1367(a) because some of the claims for relief asserted herein arise under the laws of the United States; some of the claims for relief arise under Acts of Congress regulating commerce or protecting trade and commerce against restraints and monopolies; the action seeks the recovery of a fine / penalty incurred under an Act of Congress; and the state law claims for relief are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution; respectively.

2.       Venue is proper in this District because Defendants reside in, and conduct business in, this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.       Defendant Grais & Ellsworth LLP (hereinafter referred to as "GRAIS & ELLSWORTH") is a mid-sized litigation law firm in New York City.  It is a New York registered limited liability partnership (N.Y.S. Department of State I.D. #3463031).

4.       GRAIS & ELLSWORTH maintains offices at 1211 Avenue of the Americas, New York, New York 10036.

5.       GRAIS & ELLSWORTH has approximately 30 and upon information

2

and belief has an annual gross volume of sales made or business done that is not less than $500,000.

6. Defendant Update, Inc. (hereinafter referred to as "UPDATE") is one of the preeminent legal recruiting and placement firms in the country, with offices in ten major cities across the United States (*i.e.*, Boston; Los Angeles; New York; Newark; Philadelphia; San Francisco; Washington, D.C.; Houston; Dallas; and Miami). They provide law firms and corporate legal departments with superior candidates (*i.e.*, attorneys, paralegals and litigation support staff) for temporary, temporary-to-permanent, and permanent assignments. It is a Delaware corporation registered with the N.Y.S. Department of State as a foreign business corporation (N.Y.S. Department of State I.D. #3222117).

7. UPDATE maintains an office located at 1040 Avenue of the Americas, Third Floor, New York, New York 10018.

8. UPDATE has multiple employees and upon information and belief has an annual gross volume of sales made or business done that is not less than $500,000.

9. Plaintiff STAUFFER ("Plaintiff") is a New Jersey resident. He is an attorney admitted to practice in New York. He was hired by Defendants in September of 2013 on a temporary basis to review documents for GRAIS &

3

ELLSWORTH relating to federal court litigation pending in the Northern District of California and state court litigation pending in Washington State. STAUFFER worked on the document review project for approximately 4 weeks. He is not admitted in either California or Washington, and no motion to admit him *pro hac vice* or otherwise has even been filed in either of those jurisdictions.

10.    STAUFFER was explicitly informed by UPDATE that he was an employee of UPDATE for purposes of this project. UPDATE instructed STAUFFER to comply with UPDATE's procedures. UPDATE paid STAUFFER directly. Upon information and belief, STAUFFER's pay rate was determined based on the amount that GRAIS & ELLSWORTH paid UPDATE for STAUFFER's services.

11.    STAUFFER was also explicitly informed that he was to follow GRAIS & ELLSWORTH's policies and procedures during the project, and STAUFFER's work was directed and supervised by GRAIS & ELLSWORTH attorneys.

12.    Both Defendants had the power to terminate STAUFFER's employment.

13.    Accordingly, GRAIS & ELLSWORTH and UPDATE were joint employers under the FLSA.

4

## FAIR LABOR STANDARDS ACT
## ("FLSA" 29 U.S.C. §§201, *et seq.*)
## COLLECTIVE ACTION ALLEGATIONS

14.     STAUFFER brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §216(b), on behalf of all individuals employed by Defendants for the purpose of reviewing documents on or after the date that is three years prior to the filing of this Complaint, who were paid an hourly wage and who worked over 40 hours in a workweek ("FLSA Collective Plaintiffs").

15.     At all relevant times, STAUFFER and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their regular rate of pay for work in excess of forty (40) hours per workweek. The claims of STAUFFER stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice

and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS - NEW YORK

17.    STAUFFER brings the Second Claim for Relief pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), on behalf of all individuals employed by Defendants for the purpose of reviewing documents on or after the date that is six years prior to the filing of the Complaint (the "Class Period") who were paid an hourly wage and who worked over 40 hours in a workweek.

18.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The job duties, hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Rule 23.

19.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties

and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

20.      STAUFFER's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing and refusing to pay them one and one half times their regular rate of pay for work in excess of forty (40) hours per workweek. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

21.      STAUFFER is able to fairly and adequately protect the interests of the Class.  STAUFFER is represented by STAUFFER, who is an experienced SDNY practitioner.  *See* Stauffer v. Brooks Brothers, Inc., 619 F.3d 1321 (Fed. Cir. 2010)(a landmark patent and Constitutional law decision, wherein Stauffer won

reversal of a *pair* of <u>SDNY</u> judicial decisions in his capacity as *qui tam* relator, benefitting both his interests and those of the United States). *See also* The American Lawyer, September 3, 2010, naming STAUFFER Litigator of the Week.

22.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.

23.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

24.    Important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

25.   The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

27.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a.   Whether Defendants employed STAUFFER and the Class

members within the meaning of the New York Labor Law;

b.      Whether STAUFFER and the Class members are entitled to overtime under New York Labor Law; and

c.      Whether Defendants paid STAUFFER and the Class members the overtime rate required by the New York Labor Law for hours worked in excess of 40 per workweek.

## FACTS

28.   Defendants committed the following alleged acts knowingly, intentionally, and willfully.

29.   Defendants employ attorneys for document review projects on a temporary or short-term basis.  Specifically, these individuals view hundreds of documents each day for the purpose of sorting the documents into certain categories indentified by Defendants.

30.   STAUFFER worked for Defendants in this capacity.  He was required to review documents under very specific guidelines set forth by Defendants and to sort the documents based on those guidelines.

31.   Given the extremely routine nature of STAUFFER's job duties while employed by Defendants, STAUFFER was not exempt under federal and state laws requiring employers to pay employees overtime.

32.     Specifically, GRAIS & ELLSWORTH gave STAUFFER a list of search terms/topics to identify within a set of documents.  Depending on what search terms/topics, including keywords and names of certain securities, persons, person's wives, attorneys, law firms, government email addresses, if any, appeared in the documents, STAUFFER was instructed to mark each document electronically in a certain category.

33.     STAUFFER's responsibilities while working for Defendants consisted of looking at documents to see what search terms and/or topics, if any, appeared in the documents and marking those documents into the categories predetermined by Defendants.

34.     Defendants gave STAUFFER written instructions, including flow charts, regarding his duties in performing document review.  These written instructions and flow charts for the most part were consistent with STAUFFER's actual job duties, which were to code documents based on the existence of certain terms/topics.  The codes included, *inter alia*, "personal," "sensitive," "hot," "responsive," "privileged," and "not privileged."

35.     In any event, during STAUFFER's in person training and during his employment GRAIS & ELLSWORTH made clear to STAUFFER that his actual duties were to locate the terms/topics in question and code the documents based on

11

the presence of these terms/topics.

36.    STAUFFER was not required to and in fact could not utilize any legal knowledge and/or judgment in performing his job duties for Defendants.

37.    As such, STAUFFER did not practice law as part of his employment with Defendants.

38.    Defendants paid STAUFFER an hourly wage.

39.    In the several weeks, STAUFFER worked as much as 71 hours per workweek for Defendants.

40.    Defendants paid STAUFFER for the hours he worked in excess of 40 per week at his regular hourly wage rather than at one and one half times his regular hourly wage.

41.    Defendants committed the foregoing acts against STAUFFER, the FLSA Collective Plaintiffs, and members of the Class.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§201, *et seq.*, Brought by STAUFFER on Behalf of Himself and the FLSA Collective Plaintiffs)

42.    STAUFFER, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

43.    Throughout the statute of limitations period covered by these claims, STAUFFER and the other FLSA Collective Plaintiffs regularly worked in excess

12

of forty (40) hours per workweek.

44.     At all relevant times, Defendants had and operated under a decision, policy, and plan and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay STAUFFER and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek.

45.     As result of Defendants' willful violations of the FLSA, STAUFFER and the FLSA Collective Plaintiffs are entitled to recover their respective unpaid compensation, liquidated (double) damages, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York Overtime Violations, 12 NYCRR §142-2.2,
Brought by STAUFFER on Behalf of Himself and the Class)**

46.     STAUFFER, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

47.     Throughout the Class Period, Defendants willfully, intentionally, and regularly failed to pay Plaintiff and the Class members at the overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours

per workweek, as required by the NYCRR.

48.   As result of Defendants' willful violations of New York law, STAUFFER and the Class members are entitled to recover their respective unpaid compensation, attorneys' fees, costs, liquidated damages as provided for by the New York Labor Law, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, STAUFFER, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

B.   Designation of STAUFFER as Representative of the FLSA Collective Plaintiffs;

C.    Designation of this action as a class action pursuant to Rule 23;

D.    Designation of STAUFFER as Representative of the Class;

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. §216, N.Y. Lab. L. §663 and other applicable statutes;

I.    Pre-judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

DATED:  October 17, 2015                    Respectfully submitted,


                                            Raymond E. Stauffer
                                            9 Sentinel Court, Unit F
                                            Chatham, New Jersey 07928
                                            (973) 701-0877

                                            *Plaintiff, and Attorney for Named Plaintiff,
                                            proposed FLSA Collective Plaintiffs,
                                            and proposed Class Members*


© 2015 Raymond E. Stauffer all rights reserved (that means do not copy and sell without permission Westlaw, Lexis, RFC Express, and all others—be forewarned).


16

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) STAUFFER hereby demands a trial by jury as to all issues so triable.

DATED: October 17, 2015            Respectfully submitted,

Raymond E. Stauffer
9 Sentinel Court, Unit F
Chatham, New Jersey 07928
(973) 701-0877

*Plaintiff, and Attorney for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class Members*

© 2015 Raymond E. Stauffer all rights reserved (that means do not copy and sell without permission Westlaw, Lexis, RFC Express, and all others—be forewarned).



Clerk's Office

(FLSA Class Action Complaint)